UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDWARD LOUIS ESPOSITO,

    Plaintiff,

    v.                                                   Case No. 19-C-1875

RACINE COUNTY, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Edward L. Esposito, who is currently housed at the Racine County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. In a January 9, 2020 screening order, the court dismissed Plaintiff's complaint without prejudice and instructed him to file an amended complaint. Plaintiff filed an amended complaint on January 17, 2020, which the court will now screen pursuant to 28 U.S.C. § 1915A.

### SCREENING OF THE AMENDED COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff alleges that he noticed a bite on his left foot on November 27, 2019. By November 29, 2019, his foot was swollen and inflamed to the point where it was extremely painful and burning. Plaintiff claims he started sending medical requests asking for immediate attention. Nurse Julie responded to his request 72 hours after he had sent it. Plaintiff alleges Nurse Julie prescribed the wrong medication to treat a spider bite and left Plaintiff for an extended period of time without a follow-up appointment. Plaintiff repeatedly sent requests and grievances asking for a follow-up appointment with a nurse because the medication was not working, but medical staff refused to respond. Plaintiff claims Officer Mann threw one of his medical requests in the garbage. Plaintiff was not seen by medical staff until his foot was infected, and he had to dress and clean his wound with toilet paper.

## THE COURT'S ANALYSIS

Plaintiff claims Registered Nurse Director Julie, Nurse Practitioner Latisha, and Correctional Officer Mann were deliberately indifferent to his medical needs. Plaintiff was a pretrial detainee at the time of the incident; therefore, his claim arises under the Fourteenth

2

Amendment rather than the Eighth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). An objective reasonableness standard, rather than the deliberate indifferent standard, applies to medical claims under the Fourteenth Amendment's Due Process Clause. *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018) (citation omitted). The objective reasonableness standard has two elements. The first focuses on the intentionality of the defendant's conduct and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case." *Id.* (quoting *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018)). Neither allegations of negligence nor gross negligence satisfies this element. *Id.* Under the second element, the court determines whether the defendant's response was reasonable, without taking into account "any subjective belief held by the individual." *McCann*, 909 F.3d at 886.

Plaintiff claims Nurse Practitioner Latisha and Registered Nurse Director Julie were deliberately indifferent to his medical needs because Nurse Julie did not respond to his medical request for 72 hours. As to Nurse Practitioner Latisha, "[section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marrion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Because Plaintiff does not explain how Nurse Practitioner Latisha was personally involved in his claims, Plaintiff cannot proceed on his claim against her and she will be dismissed as a defendant. Plaintiff may proceed on his claim against Registered Nurse Director Julie, however. Plaintiff claims he notified Nurse Julie of his condition and she delayed treating his medical needs. When she did prescribe medication, Plaintiff claims the medication treatment was unsuccessful, and Nurse Julie left him

3

for an exceeded period of time without a follow-up appointment. At this stage, this is sufficient to state a deliberate indifference claim against Nurse Julie.

Plaintiff also claims Correctional Officer Mann threw his medical request in the garbage. If Correctional Officer Mann interfered with Plaintiff's requests for medical care, such interference could be found to be deliberate indifference. Accordingly, Plaintiff may proceed on his claim against Correctional Officer Mann.

Although Plaintiff names the County of Racine as a defendant in this case, the amended complaint does not contain any allegations against the County. Therefore, the County will be dismissed as a defendant. The court finds that Plaintiff may proceed on his deliberate indifference claims against Nurse Julie and Officer Mann.

**IT IS THEREFORE ORDERED** that Nurse Practitioner Latisha and the County of Racine are dismissed as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Racine County Jail, as well as to the Racine County Sheriff, and the Racine County Corporation Counsel.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 21st day of January, 2020.

> s/ William C. Griesbach
> William C. Griesbach, District Judge
> United States District Court